SEVAG DEMIRJIAN (SBN 243656)
**FOUNDATION LAW GROUP LLP**
5200 Lankershim Boulevard, Suite 850
North Hollywood, California 91601
Telephone: 310-870-3977
sevag@foundationlaw.com

Attorneys for Plaintiff Brutus & Barnaby, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brutus & Barnaby, LLC, a Florida limited liability company,<br><br>     Plaintiff,<br><br>vs.<br><br>Brutus Broth, Inc. a Delaware corporation, and DOES 1-10, inclusive.<br><br>     Defendants. | Case No.:  2:20-cv-09094<br><br>**COMPLAINT:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114;**<br>2. **FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>3. **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. 1125(c);**<br>4. **CYBERPIRACY IN VIOLATION OF 15 U.S.C. §1125(d)**<br>5. **COMMON LAW TRADEMARK INFRINGEMENT**<br>6. **UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§17200, et. seq.;**<br>7. **COMMON LAW UNFAIR COMPETITION;**<br>8. **CANCELLATION OF TRADEMARK APPLICATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

Plaintiff Brutus & Barnaby LLC (hereinafter "Plaintiff" or "Brutus & Barnaby") hereby files this complaint against defendant Brutus Broth Inc., (hereinafter "Defendant" or "BBI") and Does 1-10, and alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff Brutus & Barnaby LLC is a family run business that sells high-quality 100% natural dog treat products throughout the United States.   Brutus & Barnaby own valuable intellectual property rights in their Brutus-related names and logos, comprising of trademarks, trade dress, and copyrights in connection with their pet food and pet treat products.

2.     Specifically, Brutus & Barnaby holds federal trademark registrations for "BRUTUS & BARNABY" in connection with dog chewing treat products with priority rights beginning in 2016.

3.     On information and belief, sometime in 2017 and subsequent to Plaintiff's first use, Defendant BBI began using "BRUTUS" and "BRUTUS BONE BROTH" in commerce and with dog food products. BBI's use of BRUTUS and BRUTUS BONE BROTH are confusingly similar to Plaintiff's registered trademarks for BRUTUS & BARNABY, et al., such that their use in commerce constitutes several violations of the Lanham Act, including trademark infringement.  BBI's use of these confusing marks is likely to confuse consumers as to the source of origin of their products and is freeriding on Plaintiff's goodwill and reputation in the pet food industry.

## PARTIES

4.     Plaintiff Brutus & Barnaby LLC is a Florida Limited Liability Company headquartered in Clearwater, Florida and does business in this District.

5.     Upon information and belief, Defendant Brutus Bone Broth Inc. is a Delaware corporation headquartered in Sunderland Maryland, and does business in this District.

6.     The true names, identities and capacities, whether individual, associate, corporate or otherwise, of Defendants DOES 1 to 10, inclusive, and each of them ("the

DOE Defendants"), are unknown to Brutus & Barnaby at this time, who therefore sues the DOE Defendants by such fictitious names. When the true names and capacities or participation of the DOE Defendants are ascertained, Brutus & Barnaby will amend this complaint to assert the true names, identities and capacities. Brutus & Barnaby is informed and believes and thereon alleges that each of the DOE Defendants sued herein is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff in some manner for the events and happenings alleged in this complaint. Brutus & Barnaby is informed and believes and thereon alleges that at all times herein mentioned, the DOE Defendants were and are doing business and/or residing in this District.

## JURISDICTION AND VENUE

7.     This action arises under the trademark and anti-dilution Federal laws, 15 U.S.C. § 1051, *et seq.* and under the statutory and common law of unfair competition in the state of California.

8.     Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and §1367 and 15 U.S.C. 1121.

9.     The Court has personal jurisdiction over Defendants by virtue of the fact that, upon information and belief, they have transacted business within the State of California; and have infringed Plaintiff's trademarks within the state and this District.

10.     Venue is proper in the Central District of California and the County of Los Angeles under 28 U.S.C. 1391(b) and (c) because Defendant does business in, has substantial contacts with and/or may be found in the Central District of California, and a substantial portion of the events at issue have arisen and will arise in this judicial district.

## BRUTUS & BARNABY'S BUSINESS AND TRADEMARKS

11.     Brutus & Barnaby has been active in the pet food space for over 5 years, since it registered as a business entity on June 29, 2015. Brutus & Barnaby prides itself on offering only healthy treats sourced only from grass-fed South American cattle, all natural pork, and top quality USA Chicken. Their products have no artificial additives or chemicals that are harmful, and each product is hand inspected prior to being offered for sale.

12.     Starting on and around January 15, 2016, Brutus & Barnaby began using "BRUTUS & BARNABY" and related design logos in commerce and consequently applied for and registered corresponding federal trademarks as follows:

| Mark | Reg. No. | Class and Goods/Services | Filing Date: | Reg. Date | First Use In Commerce |
|---|---|---|---|---|---|
| BRUTUS & BARNABY | 5104702 | IC 031. Digestible chewing bones for dogs; Digestible teeth cleaning treats for dogs; Edible chews for dogs; Edible dog treats. | 5/7/16 | 12/20/16 | 01/15/16 |
| BRUTUS & BARNABY * NATURAL TREATS FOR DOGS * | 5284314 | IC 031. Digestible chewing bones for dogs; Digestible teeth cleaning treats for dogs; Edible chewing bones for dogs; Edible chews for dogs; Edible dog treats. | 11/30/16 | 9/12/17 | 01/15/16 |

(hereinafter collectively referred to as the "BRUTUS MARKS").

13.     True and correct copies of certificates of registrations of the BRUTUS MARKS are attached hereto as **Exhibit A.**

_____

14. Brutus & Barnaby uses the BRUTUS MARKS in connection with varieties of pig and dog ear treats, Bully Sticks, USA Jerky, and chews.

15. These products are offered through http://www.brutusandbarnaby.com/ as well as Amazon, Chewy.com, and other online retail sites. (**See Exhibit B**).

16. Brutus & Barnaby has a stellar reputation and was recently awarded by petlifetoday.com as the "Top Pick" for "Pig Ear" treats. (**See Exhibit C**).

17. Brutus & Barnaby has significant business interests in California and in this district, specifically:

- Within the last twelve months, California customers have purchased over half-a-million dollars (+$500,000) in Brutus & Barnaby products;

- Some of Brutus & Barnaby's products are manufactured and originate in California - which is used as a shipping hub to other warehouses scattered in other different states.

- Brutus & Barnaby values California as a substantial source of revenue and potential growth, and intends to expand into at least twenty-five (25) physical locations in California as soon as possible;

- Brutus & Barnaby's online marketing efforts target customers located in California as well.

## **DEFENDANT'S INFRINGING ACTIONS**

18. On information and belief, beginning sometime in 2017 Defendant, BBI has been using and continues to use BBI's Infringing Marks in conjunction with services offered in the pet food and treat industry, all without Brutus & Barnaby's approval, license, or consent.

19. On information and belief, BBI operates a website on the url www.brutusbroth.com (the "BBI Website"). The BBI website lists three products using the BBI's Infringing Marks:

- Brutus Bone Broth for Dogs | Beef or Chicken | All Natural from $7.99

- Brutus on the Go | Beef | All Natural Brutus on the Go | Beef | All Natural from $2.00
- Brutus Bone Broth Infused Biscuits for Dogs Bone Broth Dog Biscuits | Beef & Chicken from $7.99

A true and correct screenshot of the product page is attached hereto as **Exhibit D.**

20.    On information and belief, all of BBI's products use BBI's Infringing Marks and create a likelihood of confusion through searches for their respective products.

21.    For example, when typing "Brutus" in the amazon search bar, products from both parties appear as the top options:



22.    BBI frequently refers to itself as "Brutus" on its website, which has the effect of adding an additional layer of confusion and infringement on Brutus and Barnaby's trademark rights. For example, "*Our story began on Thanksgiving Day 2016 when a family member asked to what we attribute **Brutus'** longevity*"… and "*BECOME A **BRUTUS** AMBASSADOR!*"

23.    BBI's interactive website solicits business in this district by inviting a California user to type in its local address to find local retail shops that offer BBI's products.

24.    A search in the Los Angeles area reveals over 90 separate retail locations in the Los Angeles area that offer BBI's products that – on information and belief use BBI's Infringing Marks.



25.    A test buy at Target located in North Hollywood, CA confirmed that BBI's infringing products were sold on site. (See **Exhibit E**).

26.    Before Brutus & Barnaby became aware of BBI's existence, BBI filed and registered the following federal trademarks:

| **Infringing Mark** | **Reg. No.** | **Class and Goods/Services** | **Filing Date:** | **Reg. Date** | **First Use In Commerce** |
|---|---|---|---|---|---|
| BRUTUS | 5637815 | IC 031: Pet food, namely, a bone broth for dogs | 5/11/18 | 12/25/18 | 2/1/18 |
| BRUTUS BONE BROTH | 5669446 | IC 031: Dog food | 6/6/18 | 2/5/19 | 5/1/17 |

(Collectively referred to as "BBI's Infringing Registrations")

_____

27. BBI's Infringing Registrations should never have been registered because Plaintiff's BRUTUS MARKS have priority on the principal register and there is a likelihood of confusion between the marks held be the respective parties.

28. The United States Patent and Trademark Office ("USPTO") Trademark Examiners made a mistake by not blocking BBI's Infringing Registrations under Trademark Act Section 2(d) on the grounds that the applied-for marks so resemble the BRUTUS MARKS that it is likely a potential consumer would be confused, mistaken, or deceived as to the source of the goods and/or services of the applicant and registrant.

29. Similarly, on November 3, 2019, BBI filed a federal trademark application on an intent-to-use basis for "BRUTUS ON THE GO" (hereinafter included with "BBI's Infringing Marks") in connection with dog food.

**Brutus & Barnaby Discovers BBI's Blatant Trademark Infringement**

30. Sometime in April of 2020, Brutus & Barnaby discovered BBI's Infringing Marks and their on-going unlawful activities.

31. On April 16, 2020, Brutus & Barnaby sent BBI a cease and desist letter to demand they stop using their BBI's Infringing Marks as they are confusingly similar to Plaintiff's senior trademark rights to BRUTUS & BARNABY, and that BBI's use of BBI's Infringing Marks constitute trademark infringement.

32. Despite Defendant having received Plaintiff's letter, BBI has continued using the BBI's Infringing Marks.

33. On July 15, 2020 Brutus & Barnaby filed a formal opposition proceeding with the Trademark Trial and Appeal Board against BBI's "BRUTUS ON THE GO."

34. On August 10, 2020, Brutus & Barnaby sent a second cease and desist letter to BBI noting its position of claiming superior trademark rights to BBI and they are both confusingly similar. The letter demanded they cease and desist sales of all "BRUTUS"-based products. (**Exhibit F**).

35.     On August 12, 2020 BBI answered the TTAB opposition by denying the allegations and has made every indication that it will continue to use all of its BBI's Infringing Marks.

36.     Accordingly, BBI's refusal to cease using BBI's Infringing Marks has forced Brutus & Barnaby to file this complaint to put BBI's infringing behavior to an end.

37.     Defendants have blatantly, knowingly and willfully infringed upon Plaintiff's trademark rights by offering similar products and services under BBI's Infringing Marks that are substantially similar to Plaintiff's registered marks "BRUTUS & BARNABY", a mark contained wholly within Plaintiff's trademark registration, and the identical mark consumers commonly use to identify Plaintiff's goods, "BRUTUS".

38.     BBI's use of BBI's Infringing Marks has created and will create even more profound consumer confusion and cause Plaintiff substantial irreparable harm – in particular because the products of both parties already appear side by side on online marketplaces such as Amazon and because Plaintiff plans to expand its products into brick and mortar retail stores in California, the same exact markets as Defendant, targeting the same consumers.

## FIRST CAUSE OF ACTION

### Trademark infringement – 15 U.S.C. §§ 1114 – Against Defendant

39.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 38.

40.     Defendant has used in commerce, without Brutus & Barnaby's permission or authorization, BBI's Infringing Marks or marks confusingly similar to the BRUTUS MARKS –in a manner that is likely to cause confusion with respect to the source and origin of Defendant's services and is likely to cause confusion or mistake and to deceive purchasers as to Brutus & Barnaby's affiliation, connection, or association with, or approval or sponsorship of, Defendant, its businesses, and/or its services.

41.     Defendant's acts constitute trademark infringement of the BRUTUS Marks in violation of 15 U.S.C. § 1114.

42.     As a direct and proximate result of Defendant's wrongful acts, Brutus & Barnaby has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill. Defendant will continue to use BBI's Infringing Marks unless restrained, and will cause irreparable damage to Brutus & Barnaby. Brutus & Barnaby has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

43.     Brutus & Barnaby is further entitled to recover from Defendant either statutory or the actual damages that Brutus & Barnaby has sustained, is sustaining, and/or is likely to sustain as a result of Defendants' wrongful acts.

44.     Because of the willful nature of Defendant's wrongful acts, Brutus & Barnaby is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

45.     Pursuant to 15 U.S.C. § 1117, Brutus & Barnaby is also entitled to recover its costs of suit, and its attorneys' fees because this is an exceptional case.

## SECOND CAUSE OF ACTION

### (False Designation of Origin and Association – 15 U.S.C. § 1125(a) – Against Defendants)

46.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45.

47.     Defendant's unauthorized use of the BRUTUS Marks or marks confusingly similar thereto in conjunction with Defendant's business and their offering of services in the dog food and treat space, Defendant's false designation of origin, and Defendant's false and misleading descriptions and representations of fact, as alleged herein, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Brutus & Barnaby, or as to the origin, sponsorship, or

approval of Defendant's services or commercial activities by Brutus & Barnaby in violation of 15 U.S.C. § 1125(a).

48.    As a direct and proximate result of Defendant's wrongful acts, Brutus & Barnaby has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, trade name, business reputation, and goodwill. Defendant will continue, unless restrained, to conduct their business and offer services using the BRUTUS MARKS or other trademarks confusingly similar thereto and will cause irreparable damage to Brutus & Barnaby. Brutus & Barnaby has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin or association.

49.    Brutus & Barnaby is further entitled to recover from Defendant statutory damages or the actual damages that Brutus & Barnaby has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts. Brutus & Barnaby is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Defendant's acts of false designation of origin or affiliation.

50.    Brutus & Barnaby is further entitled to recover from Defendant the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Brutus & Barnaby is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of false designation of origin or affiliation.

51.    Brutus & Barnaby is further entitled to recover from Defendant either statutory or the actual damages that Brutus & Barnaby has sustained, is sustaining, and/or is likely to sustain as a result of Defendants' wrongful acts.

52.    Because of the willful nature of Defendant's wrongful acts, Brutus & Barnaby is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

## **THIRD CAUSE OF ACTION**

### **(Dilution – 15 U.S.C.§ 1125(c))**

53. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52.

54. Brutus & Barnaby began using the BRUTUS Marks before Defendant began promoting and using the Infringing BBI marks. Plaintiff's BRUTUS Marks are inherently distinctive and have acquired distinction through its extensive, continuous, and exclusive use of them.

55. The BRUTUS Marks are famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

56. Defendant's use of the Infringing BBI Marks is likely to dilute by blurring and/or tarnishment the distinctive quality of the BRUTUS Marks in violation of 15 U.S.C. § 1125(c).

57. Defendant's acts complained of herein are likely to damage Brutus & Barnaby irreparably. Brutus & Barnaby has no adequate remedy at law for such wrongs and injuries. The damage to Brutus & Barnaby includes harm to its trademarks, goodwill, and reputation that money cannot compensate. Brutus & Barnaby is therefore entitled to a preliminary and permanent injunction enjoining Defendant's use of the Infringing BBI Marks and the BRUTUS Marks or any marks likely to dilute such Marks in connection with the promotion, advertisement and sale of any services offered by Defendant.

58. Because of the willful nature of Defendant's actions, Brutus & Barnaby is further entitled to recover from Defendant's either statutory damages or its actual damages sustained by Brutus & Barnaby as a result of Defendants' wrongful acts, and the gains, profits, and advantages Defendant has obtained as a result of their wrongful acts.. Brutus & Barnaby is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of dilution.

59. Pursuant to 15 U.S.C. § 1117, Brutus & Barnaby is entitled to recover its costs of suit, and its attorneys' fees because this is an exceptional case.

## FOURTH CAUSE OF ACTION

### (Cyberpiracy – 15 U.S.C.§ 1125(d))

60.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 59.

61.     Defendant used and are using the Infringing BBI Marks with a bad faith intent to profit from the BRUTUS Marks.

62.     Defendant registered, is trafficking in, and using the domain name www.brutusbroth.com, which is confusingly similar to the BRUTUS Marks.

63.     As of the date Defendant registered and began trafficking in and using the domain names www.brutusbroth.com, the BRUTUS Marks were federally registered, distinctive, and famous.

64.     As a direct and proximate result of Defendant's wrongful acts, Brutus & Barnaby has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill. Defendant will continue, unless restrained, to conduct their business and offer services using the BRUTUS Marks, Infringing BBI Marks, or other trademarks confusingly similar thereto in the subject domain names and will cause irreparable damage to Brutus & Barnaby. Brutus & Barnaby has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, their officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of cyberpiracy, and is also entitled to an order transferring the domain names www.brutusbroth.com to Brutus & Barnaby.

65.     Brutus & Barnaby is further entitled to recover from Defendants statutory or the actual damages that Brutus & Barnaby has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts. Brutus & Barnaby is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Defendants' acts of cyberpiracy.

66.     Brutus & Barnaby is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts. Brutus

& Barnaby is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of their acts of cyberpiracy.

67.    Because of the willful nature of Defendant's wrongful acts, Brutus & Barnaby is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

68.    Pursuant to 15 U.S.C. § 1117, Brutus & Barnaby is also entitled to recover its costs of suit, and its attorneys' fees because this is an exceptional case.

## FIFTH CAUSE OF ACTION

### (Trademark Infringement – Common Law)

69.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 68.

70.    Defendant has used in commerce, without Brutus & Barnaby's permission or authorization, the BRUTUS Marks, BBI's Infringing Marks, or marks confusingly similar to the BRUTUS MARKS –in a manner that is likely to cause confusion with respect to the source and origin of Defendant's services and is likely to cause confusion or mistake and to deceive purchasers as to Brutus & Barnaby's affiliation, connection, or association with, or approval or sponsorship of, Defendant, its businesses, and/or its services.

71.    Defendant's acts constitute trademark infringement of the BRUTUS Marks in violation of the common law.

72.    As a direct and proximate result of Defendant's wrongful acts, Brutus & Barnaby has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill. Defendant will continue to use BBI's Infringing Marks unless restrained, and will cause irreparable damage to Brutus & Barnaby. Brutus & Barnaby has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

73.    Brutus & Barnaby is further entitled to recover from Defendant the actual damages that Brutus & Barnaby has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts.

74.    Brutus & Barnaby is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of their wrongful acts.

75.    Because of the willful nature of Defendant's wrongful acts, Brutus & Barnaby is entitled to an award of punitive damages.

## SIXTH CAUSE OF ACTION

### (Unfair Competition – Cal. Bus. & Prof. Code §§ 17200, et seq)

76.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 75.

77.    The above describe use by Defendant of the BRUTUS Marks and Infringing BBI Marks that are confusingly similar to Brutus & Barnaby's trademarks and Defendant's other conduct set out above falsely suggests an association with, sponsorship by, licensing by or authorization by Plaintiff.

78.    Upon information and believe, the above described trademark use by Defendant confusingly similar to the Plaintiff's BRUTUS Marks for a line of products similar to those sold and/or licensed by Plaintiff, and its other conduct as set out above was calculated to deceive or confuse the public and to profit unjustly from the goodwill and reputation of Plaintiff.

79.    By reason of the foregoing, Defendant has been, and are, engaged in "unlawful, unfair or fraudulent business practices" in violation of §§ 17200 et seq. of the California Bus. & Prof. Code through its violations of the Lanham Act and common alleged in this complaint.

80.    Plaintiff is informed and believes and thereon alleges that Defendant undertook the acts alleged above willfully, for the purpose of enriching themselves to Plaintiff's detriment.

81.     Plaintiff is entitled to disgorgement of profits earned by Defendant as a direct and proximate result their unlawful and/or unfair business acts or practices.

82.     Plaintiff is entitled to damages in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION

### (Unfair Competition – Common Law)

83.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 82.

84.     The above describe use by Defendant of the BRUTUS Marks and Infringing BBI Marks that are confusingly similar to Brutus & Barnaby's trademarks and Defendant's other conduct set out above falsely suggests an association with, sponsorship by, licensing by or authorization by Plaintiff.

85.     Upon information and believe, the above described trademark use by Defendant confusingly similar to the Plaintiff's BRUTUS Marks for a line of products similar to those sold and/or licensed by Plaintiff, and its other conduct as set out above was calculated to deceive or confuse the public and to profit unjustly from the goodwill and reputation of Plaintiff. Defendant's actions constitute unfair competition with Brutus & Barnaby under the laws of the State of California.

86.     Plaintiff is informed and believes and thereon alleges that Defendant undertook the acts alleged above willfully, for the purpose of enriching themselves to Plaintiff's detriment.

87.     Plaintiff is entitled to disgorgement of profits earned by Defendant as a direct and proximate result their unlawful and/or unfair business acts or practices.

88.     Plaintiff is entitled to damages in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION

### (Cancellation of Trademark Registrations – 15 U.S.C. § 1119)

89.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 88.

90.     BBI's Federal trademark registrations for BRUTUS (Reg No. 5,637,815) BRUTUS BONE BROTH  (Reg. No. 5,669,446) and the application to register BRUTUS ON THE GO (Ser. No. 88/678250) so resemble the Brutus & Barnaby BRUTUS Marks as to be likely, when used on or in connection with the services identified in the applications, to cause confusion, cause mistake, or deceive, in violation of 15 U.S.C. § 1052(d).

91.     Brutus & Barnaby is being damaged each day the Infringing BBI Marks remain registered with the United States Patent and Trademark Office because its BRUTUS Marks have priority and there is a likelihood of confusion between the Infringing BBI Marks and the BRUTUS Marks. and as such the registration should not continue.

92.     Plaintiff accordingly prays for the Court to use its power under 15 U.S.C. §1119 to cancel the registrations for the Infringing BBI Marks on the grounds of likelihood of confusion.

## PRAYER FOR RELIEF

WHEREFORE, Brutus and Barnaby prays that this Court enter judgment against Defendant as follows:

1.     Finding that Defendant has: infringed the BRUTUS Marks under 15 U.S.C. § 1114 and the common law; violated 15 U.S.C. § 1125(a); diluted the BRUTUS Mars under 15 U.S.C. § 1125(c); committed cyberpiracy under 15 U.S.C. § 1125(d); violated Cal. Bus. & Prof. Code § 17200 by engaging in unlawful, unfair, and fraudulent business practices; and committed unfair competition under the common law;

2.     Ordering the cancellation of Defendant's federal trademark registrations for BRUTUS (Reg No. 5,637,815), BRUTUS BONE BROTH (Reg. No. 5,669,446) and the application to register BRUTUS ON THE GO (Ser. No. 88/678250)

3.     Ordering that Defendant and, as applicable, its officers, agents, servants, directors, employees, servants, partners, representatives, assigns, successors, related companies, and attorneys and all persons in active concert or participation with Defendant or with any of the foregoing be enjoined preliminarily during the pendency of this action and permanently thereafter from:

_____

a. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services offered under the Infringing BBI Marks, the BRUTUS Marks, or any other mark, name, symbol, or logo, which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that Defendant caused to enter the stream of commerce or any of Defendant's commercial activities are sponsored or licensed by Brutus & Barnaby, are authorized by Brutus & Barnaby, or are connected or affiliated in some way with Brutus & Barnaby or the Marks;

b. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services offered under the Infringing BBI Marks, the BRUTUS Marks, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the BRUTUS Marks;

c. Implying Brutus & Barnaby's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendant's goods, services, or commercial activities, passing off Defendants' business as that of Brutus & Barnaby, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Brutus & Barnaby and from otherwise interfering with or injuring the BRUTUS Marks or the goodwill associated therewith;

d. Engaging in any act which is likely to dilute the distinctive quality of the BRUTUS Marks and/or injures Brutus & Barnaby' business reputation;

e. Representing or implying that Defendant is in any way sponsored by, affiliated with, or licensed by Brutus & Barnaby;

f. Using the Infringing BBI Marks, the BRUTUS Marks, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the BRUTUS Marks, as a trade name;

g.    Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to (f) above.

4.    Ordering that Brutus & Barnaby is the exclusive owner of the Infringing BBI Marks and the BRUTUS Marks and that such marks are valid and protectable;

5.    Ordering that Defendants be required to deliver to Brutus & Barnaby for destruction any and all digital files, packaging, printed graphics, promotional materials, business cards, signs, labels, advertisements, flyers, circulars, and any other items in any of their possession, custody, or control bearing the Infringing BBI Marks, the BRUTUS Marks, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the BRUTUS Marks;

6.    Ordering the transfer of the domain www.brutusbroth.com, and any other domain names confusingly similar to the BRUTUS Marks to Brutus & Barnaby.

7.    Granting an award of damages suffered by Brutus & Barnaby according to proof at the time of trial;

8.    Ordering that Defendant accounts to Brutus & Barnaby for any and all profits earned as a result of Defendant's acts in violation of Brutus & Barnaby's rights under the Lanham Act and the common law;

9.    Granting an award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

10.    Ordering restitution of Defendant's profits earned from their unauthorized use of the BRUTUS & BARNABY Marks or any mark, name, symbol, or logo which is confusingly similar thereto, in which profits Brutus & Barnaby has a vested interest, pursuant to Cal. Bus. & Prof. Code § 17200, et seq.;

11.    Granting an award of punitive damages for the willful and wanton nature of Defendant's aforesaid acts under the common law;

12.    For pre-judgment interest on any recovery by Brutus & Barnaby;

13.     Granting an award of Brutus & Barnaby' costs, expenses, and reasonable attorneys' fees; and

14.     Granting such other and further relief as is just and proper.

Dated: October 2, 2020                    FOUNDATION LAW GROUP LLP


                                          _____/s/ Sevag Demirjian_____
                                          SEVAG DEMIRJIAN
                                          Attorneys for Plaintiff,
                                          Brutus & Barnaby LLC

_____

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial of any issues in this action so triable.

Dated: October 2, 2020                    FOUNDATION LAW GROUP LLP


                                    _____/s/ Sevag Demirjian_____
                                    SEVAG DEMIRJIAN
                                    Attorneys for Plaintiff,
                                    Brutus & Barnaby LLC

---